**CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(chief) Col. michael S. owl Feather-Gorbey
**Full Name of Plaintiff         Inmate Number**

v.

Civil No. 3:20-CV-2433
(to be filled in by the Clerk's Office)

Geisinger owners & Rueters Eye Center
**Name of Defendant 1**

(✓) Demand for Jury Trial
(__) No Jury Trial Demand

Patricia S. Dodszulweit
**Name of Defendant 2**

under §1915(g) Imminent Danger.

J. olson
**Name of Defendant 3**

D. Fassero
**Name of Defendant 4**

Edinger
**Name of Defendant 5**

(Print the names of all defendants. If the names of all defendants do not fit in this space, you may attach additional pages. Do not include addresses in this section).

**I.   NATURE OF COMPLAINT**

Indicate below the federal legal basis for your claim, if known.

✓    Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

✓    Civil Rights Action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 — consolidated (1971) (federal defendants)

✓    Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the United States

## II. ADDRESSES AND INFORMATION

### A. PLAINTIFF

Owl Feather-Gorbey (chief) Col. michael S.
Name (Last, First, MI)

D.C. DOC 317611  Fed. 33405-013
Inmate Number

USP lewisburg P.A.
Place of Confinement

Po Box 1000
Address

lewisburg, P.A. 17837
City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly committed detainee

___ Immigration detainee

✓ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

### B. DEFENDANT(S)

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption. If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

Getsinger Eye Center owners & Rueters
Name (Last, First)

owners & Rueters
Current Job Title

16 Woodbin lane.
Current Work Address

Danville, PA. 17822
City, County, State, Zip Code

Defendant 2:

Name (Last, First): Patricia S. Dodszuweit

Current Job Title: Clerk of Court US App. Ct. 3rd Cir.

Current Work Address: 601 Market St. Room 21400

City, County, State, Zip Code: Philadelphia PA. 19106

Defendant 3:

Name (Last, First): Olson J.

Current Job Title: Ophthomology Doctor Geisinger Eye Center

Current Work Address: 16 Woodbine Lane.

City, County, State, Zip Code: Danville. PA. 17822

Defendant 4:

Name (Last, First): Fassero P.

Current Job Title: Ophthomology Doctor Central Vision Eyecare (CVE)

Current Work Address: CVE 4504 West Branch Highway Lewisburg PA. 17857. &

City, County, State, Zip Code: CVE 23 South Arch Street. Milton PA. 17847.

Defendant 5:

Name (Last, First): Edinger

Current Job Title: Medical Doctor USP Lewisburg PA.

Current Work Address: 2400 Robert F. Miller Drive

City, County, State, Zip Code: Lewisburg. PA. 17837

Defendant(6) C.V.E. owners & Rueters.
   owners & Rueters Central Vision Eyecare
   4504 west branch High Way lewisburg PA. 17837. &
   23 south Arch street. milton. PA. 17847.

Defendant(7) Pigos K.
   medical Doctor usp lewisburg
   2400 Robert F. miller DR.
   lewisburg, P.A. 17837.

Defendant(8) spaulding
   warden usp lewisburg
   2400 Robert F. miller Drive
   lewisburg. P.A. 17837

Defendant(9) A. Duttry
   Health service superviser usp lewisburg.
   2400 Robert F. miller DR.
   lewisburg P.A. 17837.

Defendant(10) Rishel
   Assistant Health service superviser usp lewisburg
   2400 Robert F. miller DR.
   lewisburg. PA. 17837.

Defendant (11)   Gaustph
                 Mail Room Supervisor USP Lewisburg
                 2400 Robert F. Miller DR.
                 Lewisburg, PA. 17837

Defendant (12)   The United States
                 U.S. Government
                 U.S. D.O.J. 950 P.A. Ave. N.W.
                 Washington. D.C. 20530.

Note.
  If not for Alleged immunities that Gorbey Finds to be Unconstitutional Federal Judges R.D. Mariani, D.B. Smith, McKee, Jordan, Krause & Phippe would as well be Named Defendants. However, under the (F.T.C.A.) "The United States Stands in their Place!" 28 USC § 2671-2680; Richards vs. United States 369 US 1.6. (1962) & their misconducts & Wrongful Acts Are listed in this complaint.

## III. STATEMENT OF FACTS

State only the facts of your claim below. Include all the facts you consider important. Attach additional pages if needed.

A. Describe where and when the events giving rise to your claim(s) arose.

USP Lewisburg PA. 2020. Geisinger medical Center Danville PA. 2020.

B. On what date did the events giving rise to your claim(s) occur?

4-17-20 to date see Continuance pages 1-9 For Dates of Each Related Event leading up to 12-2-20

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?)

Geisinger eye institute; Patricia S. Dodszuweit; J. Olson; D. Fassero; Edinger; CVE eye Care; K. Pigos; Spaulding; A. Dutlry; Rishel; Gaustph & the United States as well as unnamed parties Mariani, Smith, Jordan, McKee, Krause, & Phippe. Have colluded together or in sequence through a (Pattern of misconducts) To deny Gorbey Proper Timely glaucoma Treatment d/or to deliberately him Harm in serious physical injuries to His eyes or Total Blindness as Discribed in the issues in the Continuance pages 1-9 Below. Attached.
Martin vs. Shelton 319 F.3d. 1048, 1050 (8th cir. 2003)
Pattern of misconducts Evidencing the likelihood of serious physical injury or death.
Helling vs. McKinney 509 US 25, 34, 113 S.Ct. 2475, 2481, 125 L.ed.2d. 22. (1993)
Battle vs. United States (4-26-2018) US Dist. Lexis 70874

### IV. LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

1st Amendment Right to Access to Remedy Process & Courts.
14th Amendment Equal Protection
5th Amendment Due Process
8th Amendment Medical Treatment & Cruel Unusual Punishment serious Physical Injuries & Pain.

### V. INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above. 90% Damage to L-eye 45% to R-eye threat of Total Blindness & (cause) snuff out syndrome. Deny Access to Funds. Remedy Process & Courts. Cruel unusual Punishment. Pain & suffering.

### VI. RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money. ① $350,000,000.00 million dollars cash, gold, silver ② Injunction for immediate glaucoma treatment at outside hospital & marijuana for treatment. ③ Injunction to have defendants stop tamper with or impeding incoming-outgoing legal or court-attorney mail. ④ Injunction to stop FBOP from Rejecting Funds sent to Gorbey. ⑤ Injunction to have §1915(g) Reform to stop Judges like Mariani from categorically abusing it as an affirmative bar. ⑥ I seek a hearing to defend adequately.

Page ❷ of ❷
7 of 17

## VII. SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

*(chief) Cd. michael S. owl Feather-Gorbey*
Signature of Plaintiff

*12-7-20*
Date

Declaration of mailing §1746 & §1621

I Gorbey Declare that on 12-7-20 I Deposit this Petition & All Appropriate Attachments IFP motion & Continuance Pages in support inmate account statement together in USP Lewisburg internal legal mail system 1st class US indigent inmate mail Properly address to the Scranton PA Court, PO Box 1148 Scranton PA 18501

(chief) Cd. michael S. owl Feather-Gorbey
DC DCC 317611   Fed. 33405-013

Claims In support,
Continuance Pages In support.

**Claim (1)** — Geisinger Eye Center; Patricia S. Dodszuweit; J. Olson; D. Fassero; Edinger; CVE Eye Center; K. Pigos; Spaulding; A. Duttry; Rishel; Gaustph & the United States As well As Unnamed Parties Marian, Smith, Jordan, McKee, Krause & Phippe. Have Colluded Together or in sequence through (Patters of misconducts) to deny Gorbey Proper Timely glaucoma Treatment & or to Deliberately Cause Him Harm in serious Physical injuries To His eyes or Total Blindness, As Discribed in the issues below.

**Issue (a)** — Defendants Edinger, Pigos, Spaulding, Duttry, Rishel & the United States Allow Gorbey To be Transfer to USP Lewisburg on 4-17-20 While He Had A South Carolina medical "Hold" For Already scheduled Emergency glaucoma laser surgery At Charleston S.C. medical Center. & Force Gorbey to suffer serious Physical injuries From the Delays in Having To start All over With His Complaints & Attempts To obtain Treatment.

Where, medical Reports by CVE DR. Fassero & Lewisburg DR. Edinger, Spaulding, Duttry & Rishel Explain that these Delays in Treatment (Have Caused) Gorbey's glaucoma To be so Advanced 5-27-20. that it place Gorbey in threat of A SNUFF-OUT-Syndrome being Damages so great, that When you Apply Treatment you Destroy (Snuff-out) the Remaining good Retinal Tissue Which Accelerates the outcome of Total Blindness. (but Fail To inform Gorbey!)

issue (b)    On 5-22-20 Gorbey was seen by CVE DR Fassero at USP Lewisburg. Whom Recommended Treatment but did NOT inform Gorbey of the Damages or Dangers such as the Snuff-out-syndrome Related to such Treatment & neither Did. Edinger, Pigos, Duttry, Fishel, or Spaulding.

issue (c)    On 7-7-20 Single Eye scans Conducted on Gorbey At Geisinger Eye Center show these Delays in his Treatment Progress from 60% damage in his l-eye to 85% & 15% R-eye to 35% threatening total Blindness.

issue (d)    Judge R.D. Mariani being Hostile & Retaliating For Gorbey's Judicial Complaints. Then Revoke Gorbey's IFP status in 3:20-cv-806-RDM & claim this was not A Qualifying imminent Danger. clearly Abusing use of §1915(g) As A Prohibitive Financial bar while mooting Recusal motions (to) Deliberately shut Gorbey out of Court while 3rd cir. US Appeal Judges Smith, McKee, Jordan, Krause & Phippe let & Encourage Mariani to Do it & Even Went so Far As to Smith & McKee themselves (threaten) To Retaliate on "Gorbey" For Filing the Judicial Complaints. making A Farce & mockery of the intire 3rd cir. Judicial process & making the Federal District & 3rd cir. US Appeal Court A threat to Gorbey's safety Just As much if not Even more than the Defendants named Here. see. Relevant Temporal Focal Point of Action. Asemani vs. US Citizenship & immigration serv's

792 F3d. 1069 (D.C. Cir. 2015)
The imminent Danger Exception Applies if the Danger Existed At the Relevant Temporal Focal Point of Action. Abdul-Akbar vs. McKelvie 239 F.3d. 307, 315 (3rd Cir. 2001)

issue (e) On 7-20-20 Gorbey was carry to Geisinger Eye Center Danville PA. by 3 FBOP security guards 2 Armed with weapons Whom intimidated Gorbey into signing to Consent For Treatment by Dr. Olson Whom never inform Gorbey of Any Possible Damages or Side Effects From the Treatment & did not let Gorbey Pre-Read or Read to Him the Consent For Treatment Form. Where DR. Olson immediately Applied the laser Treatment To Gorbey's L-eye & in the Process Gorbey Had to Tell Olson Atleast 2 Times That she was Applying Too much laser & "seriously Hurting" Gorbey.

issue (F) On 9-1-20 Gorbey was carry back to Geisinger Eye Center Where DR. Olson claim the laser Had Help Both of Gorbey's Eyes. After Examining Him. Until Gorbey Expressly Told Her she Had only Perform the surgery on the L-eye & Olson Finely Consulted Her Computer & saw That He was Right, she immediately switch up & began Arguing That the R-eye was in serious Condition & needed the laser Treatment & seriously Questioning Her motives. As Contract Doctors Are Known For Performing unnecessary Treatments on Prisoners For A Quick Paycheck.

where. Gorbey clearly & Explicitly inform DR. olson on 9-1-20 that he wanted information on All possible damages & side Effects caused by the laser surgery & that he wanted time to Pre-Read the Consent for Treatment Form. & DR. olson Ashure Gorbey she would Personally see that he Recieved the information. yet. Gorbey never. Did & DR. olson Placed A Request on 9-2-20 to Perfore laser surgery on Gorbey's R-eye. (claiming) the L-eye surgery was A success.

issue (g)  on 9-2-20 lew. DR. Edinger. Duttry, Rishel & spaulding Made medical notes & Plans for Geisinger to Perform the R-eye surgery. (claiming) the L-eye surgery was A success & not informing Gorbey of the Possible Dangers.

issue (h)  on About 9-8-20 when Gorbey never Recieved the Treatment information From Geisinger. Gorbey then submited A Request to lewisburg medical Department (As His Primary Care Providers). For the information He sought on possible Damages & side Effects From The laser Treatment. & yet. on 9-11-20. DR Edinger Confronted Gorbey Trying to intimidate or to threaten Gorbey into signing A Refusal of Any Further glaucoma Treatment so He Could immediately Transfer & Quash All of Gorbey's Civil suits Regarding the matters. where Edinger told Gorbey. He Gorbey was between A Rock & A Hard Place! that Geisinger (never) Provided inmates information of surgerys &

12 of 17

(Always) Had them sign Consent For for Treatment Forms Just seconds before Treatment is Applied! & that if Gorbey kept insisting on recieving such info. He would then Alianate or offend Geisinger & they could Refuse to Further treat Gorbey (for) Asking About Damages, side Effects or Consent for Treatment Forms being itself A malpractice To Force some one To undergo Treatment (without) Knowledge of Possible Damages or side Effects & To Deny them Treatment if they Ask! clearly qualifying For §1915(g) imminent Danger Exception.

Issue (i)(1) On 10-2-20 Gorbey was seen Again by Dr. Fassero. of CVE eye center. At USP Lewisburg. Whom After Performing Tests. Explain that the 7-20-20 l-eye surgery was "not" A success & infact the left eye suffer serious Damage & Both Eyes needed "Emergency Treatment" "As" the meds Prescribed were not Helping!! Providing No beneficial Treatment

(2) Where. this Diagnosis by Fassero is Evidence that Geisinger & their Dr. olson, Edinger, Duttry, Fishel & spaulding were (Knowingly) Performing useless Treatment that infact (Caused) more Damage than Help. & that these Defendants intended to "Accelerate" the outcome of Gorbeys Blindness. being imminent Danger §1915(g)

(3) Where. Fassero & Prgos, spaulding. Duttry & Fishel Recommended Gorbey For Emergency surgery options but. yet. still Fail to inform Gorbey of Any Possible

Damages or Side Effects 10-2-20 & infact Fassero told Gorbey when Gorbey (did ask), that damages & side effects were "little to none!"

Issue (J) Where, then on About 10-18-20 Gorbey Recieved a Response to an (F.O.I.A) Request which then Provided Him the 5-27-20 medical note About the Snuff-out-syndrome, that was Not Enclosed in an Earlyer (F.O.I.A) Response He Recieved, So Gorbey then did immediately File An Amended Complaint & motion To Recuse Judge mariani in 3:20-cr-1713-RDM. yet, then mariani Fail To address the Amended Complaint & New Recusal motion, mooted the Already Pending Recusal motion & deny Gorbey IFP leave To Proceed. While Judges Smith, mcKee, Jordan, Krause & Phippe. Allow & Encourage mariani To do it. Error claiming None of this Qualify as an imminent Danger & clearly Deliberately Abusing §1915(g) (to) Shut Gorbey out of Court

Issue (K) Where then on About 11-16-20 Gorbey Recieved His IRS $1,200.00 Cares Act check For incarsorated People. Which with Gorbey Suffering these Serious Physical injuries & others & Hostile Judge mariani Abusing use of §1915(g) (to) bar Gorbey Access To Court! Gorbey Despretly Needed For Court Filing Fees, yet, Hostile lewisburg mail Room supervisor Gaustph & His Staff & Spaulding, Deliberately Acting (to) impede Gorbey Court Access Rejected the check & (sent it back) To the IRS. Keeping Gorbey in

14 of 17

the list of imminent dangers being an imminent danger.

Issue (L) Where, then, on about 10-9-20 Gorbey filed his motions in the U.S. App. Ct. 3rd Cir. for leave to proceed IFP. In three cases 3:20-cv-806-RDM App# 20-3170. Case 3:20-cv-867-RDM App# 20-3189 & 3:20-cv-1080-RDM-App. 20-3168. Enclosing All of the necessary completed forms & papers or documents. Yet, on 11-20-20. 3rd Cir US App. Ct clerk whom Gorbey filed complaints on about colluding with Virginia authorities in maliciously abused fugitive events, claim she recieve the motion, but not the application to proceed. Affidavit & prisoner account statement (that was enclosed with the motion!) & she gave Gorbey 14 days to correct "her alleged" deficiency. Yet she deliberately fail to mark the mail as legal & Lewisburg mailroom supervisor Gaustph & his staff open the mail outside Gorbey's presence. Delayed serving it to Gorbey until the same day the 14 days expired. While Gorbey has priorly (caught) Gaustph & his mailroom staff doing this with court actions on time frames now "several times" (to impede access) & Warden Spaulding keeps allowing it! While denying Gorbey access to courts (to remedy) imminent dangers & actual serious & other physical injuries. Denials of medical treatments & subhuman conditions is just as bad as causing those events because if you force him to suffer them you then "Are" the cause of the conditions

He suffers. <u>Abdul-Akbar</u> 239 F.3d at 315

Relevant Temporal Focal Points of Action

<u>Gibbs</u> vs. <u>Cross</u> 160 F.3d 962, 866-67 (3rd cir. 1998)

Issue (IV) Where, Now, Gorbey is kept in Lewisburg A.D.X. 1 cells while staff are opening, reading & tampering with all his personal & legal mail, & he is denied any funds for commissary, denied the phone, & meaningful FBOP remedy access & or court access while he is now denied all glaucoma usable or effective treatment & or ophthalmology visits. As on 10-2-20 Dr Fassero stated in his medical report that Gorbey is intolerant to latanaprost eye drops for serious side effects & the methazolamide 50 mg. tab. are doing nothing for Gorbey & he needs "Emergency" treatment & yet here. 2 months later on 12-2-20. Gorbey has not recieved any such treatment while the damages to his eyes are at 90% left & 45% right & threatning total blindness. see. <u>Pinder</u> vs. <u>McDowell</u> 619 F.Appx 565, 566-67 (8th cir. 2015)

Allegations that defendants actions caused damage to eyes & threaten total blindness qualifies for the imminent danger exception.

<u>Liner</u> vs. <u>Fischer</u> 11-cv-6711, 2012 US Dist. Lexis 95599 at *13 (S.D.N.Y. 7-11-2012)

<u>Ibrahim</u> vs. <u>D.C.</u> 463 F.3d. 3-7. (D.C. cir. 2006) All together retaliating trying to cause Gorbey serious phisical damage & to blind him

I Gorbey therefore seek fast & speedy relief as is intended by §1915(g) <u>Bruce</u> vs. <u>Samuels</u> 136 s.ct. 627 (2016)

16 of 17

Issue (N) On 12-3-20 Warden Spaulding & Assistant Warden Brickard admitted that they rejected & sent back to the IRS Gorbeys $1,200.00 Cares Act check. He could have used for commissaries & court filing fees. (To impede) his court access while the courts deny him §1915(g) leave to proceed in error & clearly showing their pattern of misconducts to shut Gorbey out of court while being the cause of his conditions he faces & are "trying to" Blind Gorbey while impeding him any meaningful avenue of redress evidencing the likelihood of serious physical injury or death.
Martin vs. Shelton. 319 F.3d. 1048. 1050 (8th cir. 1998)

## Relief Sought

(1) I demand $350,000,000.00 million dollars
(2) Injunction for immediate appropriate glaucoma treatment & examinations by outside hospitals not associated with CVE or Geisinger. & proper medications such as marijuana.
(3) Injunction to have defendants to stop impeding, tampering with any of my incoming outgoing mail. (Especially) Court mail.
(4) Injunction to have the FBOP to stop rejecting funds sent to me.
(5) Injunction to have §1915(g) reform to prevent such categorical abuses as Judge Mariani has used §1915(g) as a financial barrier.
(6) I seek a hearing necessary to defend my suit or my imminent danger claims.

(Chief) Col. Michael S. DulFeather-Gorbey
Monacan Nation
D.C. DOC 317611  Fed. 33405-013
USP Lewisburg

Inmate Name: Michael S. OldFeather-Gorbey
Register Number: 33405-013
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

08 DEC 2020

RECEIVED
SCRANTON
DEC 2 8 2020
PER _____
DEPUTY CLERK

(legal-special mail)

(open only in presence of Gorbey or the US Court)

Clerk of Court
U.S. District Court
PO Box 1148
Scranton, P.A. 18501