# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. OWL FEATHER-GORBEY, | Civil No. 3:20-cv-2433 |
| Plaintiff | (Judge Mariani) |
| v. | |
| GEISINGER EYE CENTER OWNERS AND RUETERS, *et al.*, | |
| Defendants | |

## MEMORANDUM

Plaintiff, Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate formerly incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA").[2] (Doc. 1). When Gorbey filed the complaint, he also filed an application to proceed *in forma pauperis*. (Doc. 2). Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this action. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

Review of the complaint has been undertaken and, for the reasons set forth below, Gorbey has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, the application to proceed *in forma pauperis* will be denied, and this action will be stayed pending receipt of the full filing fee.

## I. Allegations of the Complaint and Allegations of Imminent Danger

In the complaint, Gorbey alleges that the Defendants "have colluded together . . . to deny Gorbey proper timely glaucoma treatment." (Doc. 1, pp. 6, 9). He alleges that he was improperly transferred to USP-Lewisburg because had a "medical hold" and was scheduled to undergo glaucoma surgery at a medical facility in Charleston, South Carolina. (*Id.* at p. 9).

On July 7, 2020, Gorbey underwent laser surgery for glaucoma in his left eye at the Geisinger Eye Institute in Danville, Pennsylvania. (*Id.* at p. 11). Gorbey alleges that he signed the consent form before surgery without being able to read the entire consent form. (*Id.*). On September 1, 2020, Gorbey was again transported to the Geisinger Eye Institute and was informed that the laser surgery improved his left eye and he was advised to undergo the same surgery on his right eye. (*Id.* at pp. 11-12). Gorbey requested a copy of the consent form from the Geisinger Eye Institute, but has not yet received the form. (*Id.* at

2

p. 12). He alleges that he was not fully informed of the possible side effects of the surgery. (*Id.*). Gorbey further alleges that on October 2, 2020, a prison doctor opined that the left eye surgery was not successful and recommended that he undergo further treatment. (*Id.* at p. 13; *see also* Doc. 9).

Gorbey avers that prison staff at USP-Lewisburg tampered with his legal mail and hindered his access to the courts, denied him funds to purchase items from the commissary, denied him telephone access, and denied him access to the administrative remedy program. (Doc. 1, pp. 15-17).

For relief, Gorbey seeks $350,000,00.00 cash, as well as injunctive relief. (*Id.* at pp. 7, 17).

Gorbey asserts that he is in imminent danger of serious physical injury because he was denied proper treatment for his glaucoma and the Defendants denied him access to the courts and access to the administrative remedy program. (Doc. 1-1).

## II. Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted the "three strikes" provision. Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status

3

unless the prisoner was in imminent danger of serious physical injury at the time that the complaint was filed. See *Abdul-Akbar*, 239 F.3d at 310-11.

There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. See *Gorbey v. The Federal Bureau of Alcohol, et al.*, Civil Action No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); *Gorbey v. District of Columbia, et al.*, Civil Action No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey is barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); *Gorbey v. Federal Bureau of Prisons, et al.*, Civil Action No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey). Because Gorbey is subject to the three strikes provision in 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant action.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger

of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313. When evaluating an allegation of imminent danger of serious physical injury, the court must determine whether the inmate has drawn "an adequate nexus between the claims [s]he seeks to pursue and the 'imminent danger' [s]he alleges." *Ball v. Hummel*, 577 F. App'x 96, at n.1 (3d Cir. 2014) (nonprecedential) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

In the present matter, Gorbey's claims of imminent danger fail to meet that standard. Gorbey does not appear to challenge the fact that he has three strikes. Rather, he states that he was denied proper medication for his glaucoma and denied access to the courts. (Doc. 1-1). These claims do not meet the imminent danger of serious physical injury standard. *See Abdul-Akbar*, 239 F.3d at 315 ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending."). Gorbey's conclusory allegations that he was denied access to the courts and denied access to the administrative remedy program do not suggest imminent harm. With respect to Gorbey's allegations of denial of medical care and medical negligence, he acknowledges that he has received medical attention—just not the level of attention that he claims to be warranted by the nature of his injuries.

Lastly, the Court observes that Gorbey has previously raised the identical imminent danger claims, and that he has been repeatedly rebuffed by the courts, which have found that these allegations do not show imminent danger of serious of serious injury. *See, e.g.*, *Gorbey v. Spaulding, et al.*, Civil Action No. 3:20-cv-1457, 2020 WL 6787493, at *2 (M.D. Pa. Nov. 17, 2020) (finding, *inter alia*, that Gorbey failed to sufficiently show an imminent threat for purposes of the PLRA strike provision with respect to claims that he failed to receive proper medical treatment); *Feather-Gorbey v. Gass, et al.*, Civil Action No. 3:20-cv-1050, 2020 WL 6107049, at *2 (M.D. Pa. Oct. 15, 2020) (finding, *inter alia*, that Gorbey failed to show that he was in imminent danger of serious physical injury with respect to claims that he was denied access to the administrative remedy program); *Owl Feather-Gorbey v. United States, et al.*, Civil Action No. 1:20-cv-2401, 2020 WL 6144568, at *1 (D.D.C. Sept. 29, 2020) (holding that Gorbey's allegations of judicial bias did not qualify as imminent danger of serious physical harm); *Gorbey v. Dunbar, et al.*, Civil Action No. 1:18-cv-2754, 2019 WL 5339607, at *7 (D. Md. April 24, 2019) (holding, *inter alia*, that Gorbey failed to establish that he was in imminent danger of harm based on claims that he failed to receive adequate medical treatment for past injuries), *aff'd*, 787 F. App'x 824 (4th Cir. 2019). Given that Gorbey's complaint merely repeats his previously rejected claims of imminent danger, it is difficult to see how these claims demonstrate an imminent danger of serious bodily harm under 28 U.S.C. § 1915(g).

Upon thorough review of the filings in this action, the Court concludes that Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full. Failure to pay the filing fee will result in dismissal of the complaint without prejudice. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

## III. Conclusion

The Court will deny Gorbey's application to proceed *in forma pauperis* and direct him to submit the requisite filing fee. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: May 4, 2021